OPINION OF THE COURT
Julian F. Kubiniec, J.
This is a contract action wherein plaintiff sues to recover judgment against defendant for the balance due upon a retail installment contract, plus interest and attorney’s fees.
facts: On February 14, 1977, defendant entered into a retail installment contract for the purchase of a certain Ford automobile. Plaintiff by virtue of said contract became a lienholder and held a secured interest in said vehicle. On March 2,1977, while defendant’s husband was driving said vehicle, he was arrested by Federal agents for possession of controlled substances. The vehicle was seized by Federal agents for its use in transporting contraband pursuant to the United States Code.
On March 22, 1977, the plaintiff was notified by the Drug Enforcement Administration (DEA) of the seizure of this vehicle; that the DEA is taking steps to forfeit this vehicle pursuant to the USC; that the DEA has appraised the value of the vehicle at $7,995 and that if plaintiff *686 intends to file a petition for the remission or mitigation of forfeiture, that said petition should be filed within 30 days. This formal written notice to plaintiff was preceded by a telephonic notice by the seizing agent. On March 29,1977, the same agent called the plaintiff requesting their closeout figure on the amount due plaintiff by the defendant on the retail installment contract. The DEA never received a petition from plaintiff as required by 21 CFR 1316.79 nor did plaintiff in any way, orally or in writing, request possession of said vehicle pursuant to said section.
On March 3, 1977, one day after the Federal seizure ofo the vehicle, defendant’s attorney contacted plaintiff informing them of the seizure of the vehicle and advised plaintiff that a petition must be filed with the DEA within 30 days which would result in either return of the vehicle or in the alternative, the United States Government would pay plaintiff its close-out figure. The attorney claimed that he was familiar with the appropriate procedure to be followed and volunteered to file the petition with the DEA on behalf of the plaintiff. Plaintiff refused this offer and stated its own attorney would handle the matter. On April 17, 1977, approximately five days before the expiration of the 30-day period to file the petition, the attorney contacted plaintiff as to why plaintiff was dunning defendant to pay on the account; questioned plaintiff as to its failure to file said petition and again volunteered to file the petition on behalf of plaintiff. The attorney again insisted that based on his experience, that in every instance he was aware of, a lienholder who filed a petition either recovered possession of the vehicle or was made whole by receiving payment of its close-out figure. Plaintiff again told the attorney not to file a petition on its behalf. The seizing agent testified at trial that in his experience, all lienholders who filed petitions for remission or mitigation of forfeiture, always recovered their property or were paid the close-out figure. Plaintiff admits it never filed a petition and the vehicle was subsequently forfeited to the United States Government.
The issue as presented by the facts of this case is whether or not the plaintiff followed lawful, appropriate and necessary procedures to secure its interests. Highlighting the *687 entire testimony was the fact that the plaintiff, even after notice from the DEA and defendant’s attorney, failed to petition for remission or mitigation. This failure is especially remarkable in that plaintiff was offered guidance and assistance by defendant’s attorney. As the events recited here took place (and the court is mindful of what did not take place), the plaintiff fits the classic description in Corbin on Contracts (vol 5, § 1039, pp 241-243) “the plaintiff is never given judgment for damages for losses that he could have avoided by reasonable effort without risk of other substantial loss or injury”. If the plaintiff does not make that reasonable effort, “[t]he law does not penalize his inaction; it merely does nothing to compensate him for the loss that he helped to cause by not avoiding it”. In Ellerman Lines v The President Harding (187 F Supp 948) cited by plaintiff, the court held that one need not exercise wisdom in attempting to mitigate damages. The facts of the instant case merely called upon plaintiff to act reasonably in view of the situation presented to it.
Upon the assumption that the plaintiff could have mitigated its loss by timely petition and that such an action is well within the scope of reasonableness, the conclusion is inevitable that the plaintiff and its attorneys did not meet the standard of care regarding mitigation as enunciated by Corbin and the weight of case law thereto.
Plaintiff asserted that it appeared in Federal court at the forfeiture proceeding which concerned itself with whether or not the vehicle was used to transport illegal drugs and that the court made a final determination of its rights to the vehicle. In fact, plaintiff never participated in this Federal hearing and gratuitously, by letter, which forms part of the Federal hearing record, conceded forfeiture to the United States Government, apparently because it had no standing based on its failure to make timely petition as set forth in 21 CFR 1316.79.
While that attempt to intervene in the forfeiture proceeding indicated a general interest in the ownership and possession of the automobile, it does not show that kind of interest that would have effectively made the bank whole, i.e., the filing of a timely petition. The bank expended its energies in attempting to enforce its contract with the *688 defendant rather than following an obvious and available course which could have resulted in it being compensated in full by the Government. The plaintiff’s contention that the filing of a petition was no automatic guarantee of favorable results was effectively rebutted by the testimony of two witnesses who unequivocally set forth the unvarying manner in which section 1316.79 is implemented in this Federal district. There is no doubt, as reflected by the evidence, that had the plaintiff filed the petition as it had been repeatedly urged to do, it would not be pressing the instant cause of action.
As the Restatement of the Law of Contracts states, “Damages are not recoverable for harm that the plaintiff should have foreseen and could have avoided by reasonable effort without undue risk, expense, or humiliation”. (Restatement, Contracts, § 336, subd [1].) It was easy enough to appreciate the harm. Indeed, the DEA directly notified the plaintiff on March 22,1977 of the seizure. The plaintiff failed to make that reasonable effort. It did not have to “enter into *** risky contracts, incur unreasonable inconvenience or expense, disorganize his business, or put himself in a humiliating position or in one involving loss of honor and respect”. (Restatement, Contracts, §336, subd [1], Comment a.)
This comment further points out that while there is no duty to mitigate, one who fails to mitigate will not be helped by the law. “But if he fails to make the reasonable effort with the result that his harm is greater than it would otherwise have been, he cannot get judgment for the-amount of this avoidable and unnecessary increase. The law does not penalize his inaction; it merely does nothing to compensate him for the harm that a reasonable man in his place would have avoided.” (Restatement, Contracts, § 336, subd [1], Comment d.) Plaintiff effectively ignored a reasonable course of conduct by failing to take advantage of the Federal remedy after being strongly warned of the consequences if it failed to do so.
At the very outset, plaintiff knew or should have known that a party whose automobile was confiscated by Federal agents and who claimed was not the operator at the time of the seizure and who, furthermore, maintained her inno *689 cence of any wrongdoing, would be at best reluctant to pay for a vehicle in the possession of the Federal authorities. Under these circumstances, her breach of the retail installment contract, upon the advice of experienced counsel, could hardly have been a surprise to the plaintiff.
In short order, plaintiff was notified of the seizure, the position of the defendant, and was offered advice and help by defendant’s attorney as to the proper steps and procedures to make itself whole and to mitigate damages. Plaintiff failed to do so and thereby has effectively foreclosed itself from any cause of action it may have had on the retail installment contract. The defendant has sustained its burden of proof in showing plaintiff’s failure to mitigate. (See Sommer v Kridel, 74 NJ 446, which Calvin R. Kaufman in the 1980 Supplement to Corbin on Contracts [part 2], § 1039, p 152, calls “[a]n intelligent, praiseworthy and important case, which is certain to be widely followed”.)
The bank’s loss was an avoidable consequence and this court has not been shown any convincing case or statute that would result in anything but a decision for the defendant. In so finding, we do not contribute to what Professor Gilmore has termed “The Death of Contract” (Yale Univ Press, 1977) but rather we invigorate the doctrine and law of contract by denying a claim which relies on a mass-produced form contract which does not adequately address the factors which alter and modify the contractual relationships. The old view was that no man should profit by his wrongdoing and this shall continue being the modern view.
Plaintiff’s cause of action is dismissed.